Youkelsone v Pannagl (2025 NY Slip Op 03221)

Youkelsone v Pannagl

2025 NY Slip Op 03221

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-02202
 (Index No. 38/19)

[*1]Nadia Youkelsone, plaintiff, 
v
Elaine Pannagl, defendant third-party plaintiff-respondent; Pavel Samoilov, third-party defendant-appellant. Pavel Samoilov, Selden, NY, third-party defendant-appellant pro se.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (Caroline K. Hock of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), dated January 13, 2022. The order denied the third-party defendant's motion for summary judgment dismissing the third-party complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendant third-party plaintiff and her counsel.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the third-party defendant.
In January 2019, the plaintiff commenced this action against the defendant third-party plaintiff to recover damages for personal injuries that the plaintiff allegedly sustained in a motor vehicle accident. At the time of the accident, the plaintiff was a passenger in a vehicle owned and operated by the third-party defendant that allegedly was struck in the rear by a vehicle operated by the defendant third-party plaintiff. In December 2019, after interposing an answer to the complaint, the defendant third-party plaintiff commenced a third-party action against the third-party defendant. The third-party defendant thereafter moved for summary judgment dismissing the third-party complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the defendant third-party plaintiff and her counsel. By order dated January 13, 2022, the Supreme Court denied the motion. The third-party defendant appeals.
Initially, we note that, in a related appeal, we have declined to disturb the Supreme Court's determination in an order entered February 1, 2023, granting the defendant third-party plaintiff's motion to impose discovery sanctions upon the plaintiff to the extent, inter alia, in effect, of striking the complaint (see Youkelsone v Pannagl, ___ AD3d ___, [Appellate Division Docket No. 2023-04427; decided herewith]). In light of that determination, the third-party defendant is entitled to summary judgment dismissing the third-party complaint (see Rampersaud v Hsieh Hsu Mach. Co., Ltd., 196 AD3d 609, 610).
The Supreme Court properly denied that branch of the third-party defendant's motion which was to impose sanctions upon the defendant third-party plaintiff and her counsel (see 22 NYCRR 130-1.1; Wells Fargo Bank, N.A. v Bagley, 104 AD3d 938, 939).
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court